**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x

PROCTOR,

                                 **Plaintiff,**

               **-against-**

MCCOY, ET AL.,

                            **Defendants.**

--------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/30/2020___

**1:15-CV-03766 (ALC)**

<u>**OPINION AND ORDER**</u>

**ANDREW L. CARTER, JR., District Judge:**

       Defendant Travis McCoy moves to dismiss Plaintiff Demetrius Proctor's Third Amended Complaint ("TAC") in a copyright action pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(5), 12(b)(6), and 41(b). ECF No. 49. Mr. Proctor, who is proceeding *pro se* alleges that Mr. McCoy, with co-defendants Bruno Mars, Phillip Lawrence, Ari Levin, Thou Art the Hunger, Music Famamanem LP, and Epileptic Caesar Music Inc, used and continue to use his unspecified copyrighted material without his permission in the hit song "Billionaire". Plaintiff seeks an injunction requiring defendants to stop infringing his copyright, statutory damages, punitive damages for unjust enrichment under Maryland law, costs, and reasonable attorneys' fees.

       This claim was first filed in the United States District Court of the District of Columbia. ECF 1. Judge Beryl A. Howell granted Proctor leave to proceed *pro se* and *in form pauperis*, but dismissed the claim pursuant to F.R.C.P. 8(a), concluding that the complaint neither "state[d] a

basis for the Court's jurisdiction nor include[d] a statement showing plaintiff's entitlement to the damages he demand[ed]." ECF No. 3 at 2. On March 2, 2015, Proctor filed an amended complaint. ECF No. 8. Judge Howell subsequently transferred the matter to the Southern District of New York, because to the degree Plaintiff identified addresses for Defendants or their agents, they were in this district. ECF No. 12.

On June 17, 2015, this Court issued an Order of Service. The Order indicated that "Plaintiff must effect service within 120 days of the date the summons is issued" and it was "Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong,* 682 F.3d 56, 63 (2d Cir. 2012)." ECF No. 16 at 2. It further directed Plaintiff to complete USM-285 forms to allow the U.S. Marshals to effect service of the defendants. ECF No. 16. Plaintiff returned the forms on August 12, 2015. Each lists the same address, 60-62 East 11th Street, 7th Floor, NY, NY 10003. ECF Nos. 19-23. This address was identified as Crush Management on all of the USM-285's. ECF Nos. 19-23. On McCoy's form it was also identified as Music Famamanem and Epileptic Caesar Music. ECF Nos. 19. The Marshals attempted to serve the Defendants. After the attempted service, Mr. McCoy appeared. ECF Nos. 24-25. However, the remaining parties have not appeared in this matter.

Since then, Proctor's engagement in this suit has been in fits and starts. On October 13, 2015, McCoy requested a pre-motion conference to seek leave to move to dismiss the complaint. ECF No. 26. Proctor requested additional time to file an amended complaint, which he eventually did on December 2, 2015. ECF No. 32. McCoy requested leave to move to dismiss the Second Amended Complaint for failure to state a claim, arguing that it does not allege "facts regarding which specific allegedly original works are the subject of the copyright claim, whether Plaintiff

owns or licenses the alleged works or by what alleged acts or what time frame McCoy allegedly infringed Plaintiff's work. ECF No. 33 at 2. A pre motion conference regarding McCoy's request was held on January 13, 2016. Proctor attended, and, on February 2, 2016, filed a letter purporting to clarify what copyrighted material Proctor alleged had been copied. ECF No. 35. Instead, it listed six songs that he Proctor says were 'registered', but Plaintiff did not state what work or works he claims were infringed. ECF No. 35. Plaintiff further stated that he needed more time to research the songs he had "originated" and represented that he would "submit [those] listings as soon as he obtained [that] information from the Copyright Office". ECF No. 35. To date, Plaintiff has made no such submission.

After a lengthy period of inactivity in this case, this Court scheduled a hearing to assess the status of the case. Mr. Proctor failed to attend that May 16, 2018 hearing. On March 1, 2019, he filed a Motion to Reinstate the Complaint. ECF No. 36. The Court set a conference for April 16, 2019 to discuss Proctor's submission, ECF No. 38, which Proctor did not attend. On April 17, 2019, the Court entered an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF No. 39. Plaintiff's response indicated that he mixed up the hearing date, and asked the Court to reschedule. ECF No. 40. The Court therefore reset the hearing for May 28, 2019. ECF No. 41. Thereafter, the Court set a briefing schedule for McCoy's motion to dismiss, which included time for Proctor to file an amended complaint to fix certain deficiencies in his complaint. ECF No. 42, 43. On July 23, 2019, the Court filed another Order to Show Cause why the action should not be dismissed for failure to prosecute in light of Plaintiff's failure to file an amended complaint. ECF No. 44. On August 27, 2019, Proctor filed the Third Amended Complaint, ECF No. 45, without otherwise responding to the Court's Order to Show Cause. On September 12, 2019, McCoy filed a pre-motion conference letter seeking leave to dismiss the TAC.

ECF No. 46. The Court ordered Proctor to respond to McCoy's pre-motion conference letter. ECF No. 47. Proctor did not. ECF No. 48. The Court then set a briefing schedule for the instant motion. ECF No. 48.

On November 20, 2019, McCoy moved to dismiss, arguing that Plaintiff's TAC should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), insufficient service of process pursuant to Rules 12 (b)(5), lack of personal jurisdiction pursuant to 12(b)(2), and for failure to prosecute pursuant to Rule 41(b).

By letter dated November 22, 2019, Proctor sought an extension of time to file an opposition to McCoy's motion. ECF No. 54. When Mr. Proctor did not file his opposition by the extended deadline, January 20, 2020, the Court filed an Order to Show Cause why McCoy's motion should not be treated as unopposed. ECF No. 56. By letter dated February 3, 2020, McCoy requested a further extension to oppose the motion. ECF No. 55. In light of Proctor's *pro se* status, the Court granted a further extension to June 1, 2020. ECF No. 60. Proctor still did not file an opposition. On June 29, 2020, the Court filed an Order to Show Cause why McCoy's motion should not be treated as unopposed. ECF No. 63. To date, McCoy has filed no opposition to McCoy's motion.

"A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). The Court undoubtedly has federal question jurisdiction over this copyright matter. Therefore, the Court will begin by considering McCoy's personal jurisdiction argument, which is premised solely on a claim of inadequate service. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the

defendant — a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.").

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Rule 4 of the Federal Rules of Civil Procedure. Subsection 4(E)(2) provides that personal service may be effected on an individual by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Subsection 4(e)(1) also provides that service is proper if in compliance with the law of the forum state. In addition to the methods in Rule 4, N.Y. C.P.L.R. § 308 provides for service by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" or "by affixing the summons to the door of either the actual place of business, dwelling place or usual place", and "either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope". N.Y. C.P.L.R. § 308(2-4).

Once "a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Qader v. Cohen & Slamowitz*, No. 10 CV 01664 GBD, 2011 WL 102752, at *2 (S.D.N.Y. Jan. 10, 2011) (citing *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Here, service was attempted on McCoy at Crush Music, at 60-62 E. 11th Street, 7th Floor, New York, NY 10003 through Scott Nagelberg, a member of McCoy's artist management team. McCoy attests that the 11th Street address is not and has never been his place of business or abode. ECF No. 51 ¶ 7. McCoy was not present at the address on the day of attempted service. ECF No. 51 ¶ 8. Nor was Nagelberg authorized to accept service for McCoy. ECF No. 51 ¶ 9. Nalberg confirms that he did not have authorization to accept service of process. ECF No. 52 ¶ 7. Both McCoy and Nalberg attest that the 11th Street address was not the office of Defendant Music Famamenem L.P., and that they are not associated with such an entity. ECF Nos. 51 ¶ 4; 52 ¶ 4. Nor is it the office for Epileptic Caesar Music, which is a name McCoy uses to collect publishing and performing rights income, and not a registered business entity. ECF Nos. 51 ¶ 5, 52 ¶ 5. This does not comport with proper service under federal or New York law.

Proctor has not opposed this motion and his submissions to date do not carry his burden to show adequate service. The 11th Street address where the attempted service on McCoy was made was listed for the first time on the forms provided to the Marshals. Proctor's Third Amended Complaint does not include any address for McCoy's abode or place of business, Proctor's basis for associating those addresses with McCoy, or include any other allegations tending to show service was effectuated. While a Court may extend time to serve for good cause, Proctor, in not opposing this motion, has not even attempted to make such a showing. The Court therefore concludes that adequate service has not been effected.

In light of Proctor's failure to properly serve McCoy, the Court presently lacks personal jurisdiction over McCoy. *See Dynegy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). The Court may not consider

McCoy's arguments, and thinks it unnecessary to evaluate the failure to prosecute issue as to McCoy. The Court therefore GRANTS McCoy's motion to dismiss pursuant to 12(b)(5).

As to the other Defendants, Proctor is **ORDERED** to show cause why his claim should not be dismissed for failure to serve. The Marshals attempted to serve the remaining defendants at the same 11th Street Address as McCoy, which Proctor provided them. Service was unsuccessful and none of the other defendants have appeared. Rule 4m of the Federal Rule of Civil Procedure allows the Court to extend the time for service for good cause shown, but Proctor never sought such an extension.

Proctor is further **ORDERED** to show cause why this claim should not be dismissed for failure to prosecute as to the remaining defendants in light of his lengthy delays and dilatory conduct, including failing to specify what specific copyrighted material he alleges has been copied by Defendants, which the Court deems prejudicial to defendants. Proctor should make such showing in writing by October 21, 2020. F

For the reasons above, this case is hereby DISMISSED as to McCoy. The Clerk of Court is respectfully directed to terminate McCoy from this case and to mail a copy of this Opinion and Order to Proctor.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **September 30, 2020**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**